# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| TYMESHA HAMILTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV612-051 |
| | ) | CR610-026 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Nabbed as the getaway driver for a bank robbery, Tymesha Hamilton pled guilty to one count of armed bank robbery in exchange for the government's dismissal of another count. As part of that bargain, she waived her direct and collateral appeal rights. CR610-026, docs. 1, 83, 98, 99. Consistent with the appeal waiver, she took no appeal, but now moves for collateral (28 U.S.C. § 2255) relief. Doc. 100.

## I. ANALYSIS

The presentence investigation report (PSI) advised that Hamiton's sentence be enhanced for her co-defendants' use of a gun during the robbery. PSI ¶ 25. Her statutory maximum was 25 years and her U.S. Sentencing Guidelines advisory range, once the firearm and other

enhancements were factored in, was 97-121 months. PSI ¶¶ 56-57; 18 U.S.C. § 2113(a) & (d). At sentencing Hamilton, assisted by attorney Stan Keith Fitzgerald, objected to the firearm enhancement plus enhancements for physically restraining bank employees and for being deemed an organizer and leader. She claimed she had never been in the bank, restrained no one, and did not orchestrate the robbery. Doc. 104 at 5-15. Fitzgerald did concede, however, that a six-level increase applied for using a firearm. *Id.* at 5, 27.

"But I would like to point out," Fitzgerald said, "that even though there were some guns used in this case, Ms. Hamilton never used a gun. She was in the car." Doc. 104 at 6. "And she didn't really know what was going on in inside the bank." *Id.* He also deployed a detailed argument against a "leadership" enhancement, citing Hamilton's statement and other evidence while insisting that she was a reluctant follower, not a leader here. *Id.* at 6-15.

The Court resolved those and other objections against her. Government agent testimony and other evidence showed that she in fact was one of two main wheels in the robbery, and of course one doesn't have to physically be holding a gun to be charged with using a gun when

others on the hold-up crew do so. *Id.* at 23-29. The Court's 115-month sentence was within the sentencing guideline range. *Id.* at 37.

Now proceeding *pro se*, Hamilton first claims that she "is actually innocent" of her crime, because she was never in the bank, she never brandished a firearm, and her co-defendants coerced her into committing the crime. Doc. 100 at 23. Not only was all of that resolved against her based on amply supported sentencing hearing evidence, doc. 104 at 23-28, but "our precedent forbids granting habeas relief based upon a claim of actual innocence . . . in non-capital cases." *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1356 (11th Cir. 2007).

She also waived that claim by pleading guilty, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997), and by entering into the direct and collateral appeal waiver as part of her plea agreement.[1] *Thompson v. United States*, 353

---

[1] Her plea agreement contains the following provision:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of her sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of her sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this

3

F. App'x 234, 235 (11th Cir. 2009). This claim therefore fails on multiple grounds.

Hamilton next insists that her guilty plea was unknowing and involuntary because she gave rehearsed and untrue answers to the district court's questions during the change-of-plea hearing about her understanding of the plea agreement and the terms of that agreement. Doc. 100 at 24. She also claims that the prosecution promised lesser charges, not contained in the plea agreement, to induce her plea. *Id.* Established precedent guiding the guilty-plea process sets the backdrop to this claim:

> "For a guilty plea to be entered knowingly and intelligently, 'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.'" *Finch v. Vaughan*, 67 F.3d 909, 914 (11th Cir. 1995) (quoting *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991)). *See also United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) ("A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea.").

---

Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 98 at 5-6.

> "[T]he representations of the defendant [at a Rule 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Such representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

*Montas v. United States*, 2012 WL 5193413 at *13 (M.D. Fla. Oct. 19, 2012).

Hamilton's sworn, plea-hearing statements sealed her fate here. *See* doc. 103 at 5, 30-31, 33-34 & 39-40. The Court asked her if she was pleading guilty freely and voluntarily without coercion, and Hamilton said yes. Doc. 103 at 30-31, 39-40. Under oath she said that no one had done anything "wrong or unfair," nor forced her to plead guilty:

> Q. Now, has anything been done which you consider wrong or unfair which is forcing you to plead guilty?
>
> A. No, sir.

*Id.* at 30. And, she further represented, there were no unkept promises:

> Q. Do you have any promises from anyone else that is not in that written agreement?
>
> A. No, sir.

5

*Id.* at 34.

She also said she understood the importance of telling the truth. *Id.* at 4. The Court specifically asked her, "[h]ave you answered truthfully every question I have asked of you here this morning," and Hamilton replied, "Yes, Your Honor." *Id.* at 34. She cannot now escape her sworn testimony at the change-of-plea hearing to claim defects in her plea. *Rogers*, 848 F.2d at 168.

This claim therefore fails. To that end, the Court notes this from Hamilton's § 2255 motion:

> During Rule 11 colloquy Petitioner was asked if she understood the plea. She had been rehearsed to state, Yes."
>
> She was asked if anyone had promised her anything in return for this guilty plea: She had been rehearsed to say no.
>
> Defense counsel, and prosecution know this is *not true*. The prosecution promised lesser charges. . . .

Doc. 100 at 24 (emphasis added).

In this passage, affirmed under penalty of perjury per 28 U.S.C. § 1746(1), doc. 100 at 12, Hamilton is now claiming that she had been rehearsed, presumably by Fitzgerald, to lie to this Court while under oath. So, she either lied under oath then or is lying under oath now. Such casual lying enables double-waivered, guilty-plea convicts to feel far

too comfortable filing otherwise doomed § 2255 motions that consume public resources. The government thus may want to consider investigating Hamilton for perjury. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009).

Hamilton next claims that this Court erred by applying the Guidelines enhancement for use of a firearm against her. Doc. 100 at 23, 30. This claim also is barred by her appeal waiver, not to mention procedural default, *Stevens v. United States*, 466 F. App'x 789, 792 (11th Cir. 2012), for which she at most conclusorily (thus futilely) pleads ineffective assistance of counsel and factual innocence as exceptions. Plus it is not even cognizable under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1233 (11th Cir. 2004). Those reasons likewise neutralize her claim that the PSI "misinformed" her of the applicable maximum sentence. Doc. 108 at 3; *see also* doc. 2 (penalty certification informing her of the 25-year maximum sentence); PSI at 14 ¶ 56 (informing her of 25-year maximum).

## II. CONCLUSION

Tymesha Hamilton's § 2255 motion should be **DENIED**. Doc. 100. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 26TH day of November, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA